**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ADVANCED PROCESSOR TECHNOLOGIES LLC., <br><br> Plaintiff, <br><br> v. <br><br> MINDSPEED TECHNOLOGIES, INC., <br><br> Defendant. | Case No. 2:12-cv-156-JRG <br><br><br> **ARM LTD. AND ARM, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN INTERVENTION** <br><br><br> **[JURY TRIAL DEMANDED]** |

**ARM LTD. AND ARM, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS IN INTERVENTION**

Defendants-Intervenors ARM Ltd. and ARM, Inc. (collectively, "ARM"), by way of

Proposed Answer to Plaintiff Advanced Processor Technologies, LLC's ("APT") Complaint,

says:

**SUBJECT MATTER JURISDICTION AND VENUE[1]**

1.      Paragraph 1 contains conclusions of law and not averments of fact to which an

answer is deemed required, but insofar as an answer may be deemed required, ARM admits that

this action purports to arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*,

and that this Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331 and 1338(a).

2.      Paragraph 2 contains conclusions of law and not averments of fact to which an

answer is deemed required, but insofar as an answer may be deemed required, ARM admits only

---

[1] For ease of reference, ARM incorporates the outline headings used in the Complaint.  To the extent that such headings make factual allegations, ARM does not adopt or admit such statements and instead denies them.

that venue appears to be proper in this Court under 28 U.S.C. §§ 1391 and 1400, but specifically

denies that it has committed acts of infringement in this District or any other District.  ARM

denies that this district is the most suitable venue for resolution of this case.

## PARTIES AND PERSONAL JURISDICTION

3.      ARM lacks information sufficient to form a belief as to the truth of the allegations

contained in paragraph 3.

4.      ARM lacks information sufficient to form a belief as to the truth of the allegations

contained in paragraph 4.

5.      ARM lacks information sufficient to form a belief as to the truth of the allegations

contained in paragraph 5.

## THE PATENTS IN SUIT

6.      ARM admits that United States Patent No. 6,629,207 ("the '207 patent") states as

its title "Method for Loading Instructions or Data into a Locked Way of a Cache Memory," and

that Exhibit A to the Complaint appears to be a copy of the '207 patent.  ARM admits that, on its

face, the '207 patent lists an issuance date of September 30, 2003.  The remainder of paragraph 6

contains conclusions of law and not averments of fact to which an answer is required, but insofar

as an answer may be deemed required, ARM lacks information sufficient to form a belief as to

the truth of the allegations contained in paragraph 6.

7.      ARM admits that United States Patent No. 6,092,172 ("the '172 patent") states as

its title "Data Processor and Data Processing System Having Two Translation Lookaside

Buffers," and that Exhibit B to the Complaint appears to be a copy of the '172 patent.  ARM

admits that, on its face, the '172 patent lists an issuance date of July 18, 2000.  The remainder of

paragraph 7 contains conclusions of law and not averments of fact to which an answer is

required, but insofar as an answer may be deemed required, ARM lacks information sufficient to

form a belief as to the truth of the allegations contained in paragraph 7.

8.      Paragraph 8 contains conclusions of law and not averments of fact to which an answer is deemed required, but insofar as an answer may be deemed required, ARM lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

***Brief Summary of the Technology***

9.      ARM lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.      ARM lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.      Paragraph 11 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, ARM states that the patents-in-suit patent speak for themselves and denies any characterizations inconsistent therewith.  ARM denies that the patents-in-suit made "novel" and "nonobvious" improvements. ARM denies all remaining allegations contained in paragraph 11.

**ALLEGED INFRINGEMENT OF THE '207 PATENT**

12.       ARM incorporates herein by reference the responses stated in paragraphs 1-11 of this Answer.

13.      Paragraph 13 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, ARM lacks information sufficient to form a belief as to the truth of the allegations in paragraph 13 to the extent they relate to Mindspeed.  To the extent that Mindspeed's products incorporate an ARM processor, ARM denies that the ARM processor infringes any valid claim of the '207 patent.  ARM denies all remaining allegations contained in paragraph 13.

14.      Paragraph 14 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, ARM lacks information sufficient to form a belief as to the truth of the allegations in paragraph 14 to the extent they relate to Mindspeed.  To the extent that Mindspeed's products incorporate an ARM processor, ARM denies that the ARM processor infringes any valid claim of the '207 patent.  ARM denies all remaining allegations contained in paragraph 14.

15.     Paragraph 15 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, ARM lacks information sufficient to form a belief as to the truth of the allegations in paragraph 15 to the extent they relate to Mindspeed.  To the extent that Mindspeed's products incorporate an ARM processor, ARM denies that APT is damaged as a result of any actions by ARM.  ARM denies that the ARM processor infringes any valid claim of the '207 patent.  ARM denies all remaining allegations contained in paragraph 15.

## ALLEGED INFRINGEMENT OF THE '172 PATENT

16.      ARM incorporates herein by reference the responses stated in paragraphs 1-15 of this Answer.

17.     Paragraph 17 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, ARM lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17 to the extent they relate to Mindspeed.  To the extent that Mindspeed's products incorporate an ARM processor, ARM denies that the ARM processor infringes any valid claim of the '172 patent.  ARM denies all remaining allegations contained in paragraph 17.

18.     Paragraph 18 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, ARM lacks information sufficient to form a belief as to the truth of the allegations in paragraph 18 to the extent they

relate to Mindspeed.  To the extent that Mindspeed's products incorporate an ARM processor, ARM denies that the ARM processor infringes any valid claim of the '172 patent.  ARM denies all remaining allegations contained in paragraph 18.

19.     Paragraph 19 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, ARM lacks information sufficient to form a belief as to the truth of the allegations in paragraph 19 to the extent they relate to Mindspeed.  To the extent that Mindspeed's products incorporate an ARM processor, ARM denies that APT is damaged as a result of any actions by ARM.  ARM denies that the ARM processor infringes any valid claim of the '172 patent.  ARM denies all remaining allegations contained in paragraph 19.

## DEMAND FOR JURY TRIAL

20.     ARM agrees with APT's demand for jury trial.

21.     To the extent not expressly admitted, ARM denies each and every allegation in the Complaint.

## PRAYER FOR RELIEF

22.     ARM denies that APT is entitled to any of the relief sought in its prayer for relief.

## AFFIRMATIVE DEFENSES

23.     The patents-in-suit are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

24.     ARM's actions with respect to the importation, use, sale or offer for sale of services or products or any other accused activity do not directly infringe any properly construed, valid and/or enforceable claims of the patents-in-suit.

25.     As and for a separate affirmative defense, ARM alleges on information and belief that any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to

only those damages occurring after proper and sufficient notice of infringement to ARM.

26.     ARM's actions with respect to the importation, use, sale or offer for sale of services or products or any other accused activity may be covered by one or more licenses granted for the asserted patents.

27.     Plaintiff is not entitled to injunctive relief against ARM because any alleged injury to Plaintiff as a result of ARM's alleged activities is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

28.     Plaintiff's claims may be barred by equitable doctrines including the doctrine of laches.

29.     APT's claims of patent infringement are barred in whole or in part by 28 U.S.C. § 1498 to the extent it claims infringement of devices sold to and/or designed for the United States.

30.     ARM reserves the right to assert affirmatively any other matter that constitutes an affirmative defense under applicable law and rules.

## COUNTERCLAIMS

### The Parties

1.     Based on assertions by APT, APT has a principal place of business located in Frisco, Texas.

2.     Based on assertions by APT, APT is the owner by assignment of United States Patent No. 6,092,172 ("the '172 patent") and 6,629,207 ("the '207 patent").

### Jurisdiction and Venue

3.     This Court has subject matter over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

4.     APT is subject to the personal jurisdiction of this Court.

5.     The minimum requisites for venue under 35 U.S.C. § 1391 exist in this district,

but venue is more properly established in a district that would better serve the convenience of the witnesses and parties and the interests of justice.

## COUNTERCLAIM COUNT I
### (Invalidity of the '172 and '207 Patents)

6.      ARM realleges and incorporates by reference the allegations in paragraphs 1-5 above.

7.      APT has asserted that ARM infringes the '207 and '172 patents.

8.      An actual controversy exists between APT and ARM regarding the validity of the '207 and '172 patents.

9.      The asserted claims of the '207 and '172 patents are invalid for failing to meet one or more conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNTERCLAIM COUNT II
### (Non-infringement of the '207 and '172 Patents)

10.      ARM realleges and incorporates by reference the allegations in paragraphs 1-9 above.

11.      APT has asserted that ARM infringes the '207 and '172 patents.

12.      An actual controversy exists between APT and ARM regarding infringement of the '207 and '172 patents.

13.      ARM has not infringed and does not infringe any valid, enforceable claim of the '207 and '172 patents literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, ARM prays that this Court enter judgment:

A.      dismissing the Complaint with prejudice and denying each and every prayer for relief contained therein;

7

B.      declaring that none of the claims of the patents-in-suit are directly or indirectly infringed by the use, sale or offer for sale of any of ARM's products or any other activity attributable to ARM, either literally or under the doctrine of equivalents;

C.      declaring that the claims of the patents-in-suit are invalid and/or unenforceable;

D.      declaring that Plaintiff is not entitled to any injunctive relief against ARM;

E.      declaring that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to ARM; and

F.      granting ARM such further relief as this Court may deem necessary, just or proper.

<u>**DEMAND FOR JURY TRIAL**</u>

In accordance with FED. R. CIV. P. 38(b), ARM demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  January 17, 2013

By:  */s/ Michael C. Smith*
Michael C. Smith
State Bar No. 18650410
michaelsmith@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
113 E. Austin St.
Marshall, Texas 75670
(903) 938-8900 (office)
(972) 767-4620 (fax)

Kevin P. Anderson
WILEY REIN LLP
1776 K St NW
Washington DC 20006
(202) 719-3586
(202) 719-7049

*Counsel for Defendants-Intervenors ARM Ltd. and ARM, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's EM/ECF system per Local Rule CV-5(a)(3) on this 17th day of January 2013.

*/s/ Michael C. Smith*
Michael C. Smith